985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janice M. HAYES, individually, Plaintiff-Appellant,
v.
Benny BINION, aka Lester Ben Binion, aka L.B. Binion;
United States of America, substituted by order of this
United States District Court for defendants Nicholas Brady,
Fred Goldberg, Jr., Lawrence Gibbs, Jesse Cota, Robert
Withers, Bert Purdy, Harold Green, Paul E. Voelker, Unknown
Agents or Employees of the United States, Internal Revenue
Service, Richard Jones and Thomas Coleman, et al.,
Defendants-Appellees.
 No. 91-15747.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided Feb. 9, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-89-00848-PMP; Philip M. Pro, District Judge, Presiding.
 D.Nev.
 APPEAL DISMISSED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Janice M. Hayes appeals two orders filed by the district court. The first order listed in Hayes's Notice of Appeal, filed on April 4, 1991, denied Hayes's motion to amend the district court's January 28, 1991 order and imposed sanctions against Hayes pursuant to Fed.R.Civ.P. 11.[1] The second order listed in her Notice of Appeal, dated May 2, 1991, denied Hayes's motion to amend the district court's March 5, 1991 order and judgment.[2]
 
 
 3
 Neither order upon which Hayes bases her appeal was certified as final by the district court pursuant to Fed.R.Civ.P. 54(b). Fed.R.App.P. 3(c) provides in relevant part that "[t]he notice of appeal ... shall designate the judgment, order or part thereof appealed from...." This circuit has established a standard to determine whether the appellant has met the requirements of Rule 3(c): "[A] mistake in designating the judgment appealed from should not bar appeal as long as the [appellant's] intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." United States v. $84,740.00 Currency, No. 91-55651, slip op. at 14825-26 (9th Cir. December 28, 1992) (quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir.1983), cert. denied, 464 U.S. 1071 (1984)). In the present case, it is impossible to "fairly infer" which orders Hayes intends to appeal. Hayes's Opening and Reply Briefs raise and argue a number of issues not contained in any order certified as final by the district court. Thus, we have no alternative but to rely on Hayes's Notice of Appeal; accordingly, we lack jurisdiction to review Hayes's appeal. 28 U.S.C. § 1291.
 
 
 4
 Because we dismiss this appeal for lack of jurisdiction, we do not reach Hayes's motions to correct the caption and docket.
 
 
 5
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's January 28, 1991 order granted a motion by defendants Thomas H. Cochrane, Jerome L. Blut, and the Trust of Caudill to dismiss Hayes's amended complaint under Fed.R.Civ.P. 12(b)(6) and to impose Rule 11 sanctions against Hayes. The order further directed that judgment be entered in favor of the Trust of Caudill, Cochrane, and Blut. Pursuant to Fed.R.Civ.P. 54(b), a separate judgment was entered on the same day
 
 
 [2]
 The district court's March 5, 1991 order granted the United States' motion to dismiss Hayes's amended complaint and directed that judgment be entered in favor of the United States and all individual federal defendants. Pursuant to Fed.R.Civ.P. 54(b), a separate judgment was entered on the same day